# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re* **A.R., L.R., and D.R.**

**No. 18-1086** (Cabell County 17-JA-192, 17-JA-193, and 17-JA-194)

**FILED**

**May 24, 2019**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother B.D., by counsel Jason Goad, appeals the Circuit Court of Cabell County's November 14, 2018, order terminating her parental rights to A.R., L.R., and D.R.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel James Wegman, filed a response in support of the circuit court's order and a supplemental appendix. The guardian ad litem ("guardian"), Sarah Dixon, filed a response on behalf of the children in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in terminating her parental rights.

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990). Additionally, petitioner's counsel filed the appellate brief in accordance with Rule 10(c)(10)(b) of the West Virginia Rules of Appellate Procedure, which provides that

> [i]n extraordinary circumstances, if counsel is ethically compelled to disassociate from the contentions presented in the brief, counsel must preface the brief with a statement that the brief is filed pursuant to Rule 10(c)(10)(b). Counsel should not inject disclaimers or argue against the client's interests. If counsel is ethically compelled to disassociate from any assignments of error that the client wishes to raise on appeal, counsel must file a motion requesting leave for the client to file a pro se supplemental brief raising those assignments of error that the client wishes to raise but that counsel does not have a good faith belief are reasonable and warranted.

Pursuant to this Rule, petitioner's counsel filed a motion requesting leave for petitioner to file a pro se supplemental brief. This motion was granted, and petitioner was directed to file a supplemental brief on or before January 11, 2019. Petitioner, however, did not file a supplemental brief.

1

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In August of 2017, the DHHR filed a petition alleging that, while petitioner was intoxicated, she hit and threw eleven-year-old A.R. The DHHR alleged that petitioner was arrested for misdemeanor child neglect and domestic battery. Petitioner was adjudicated as an abusing parent and granted a post-adjudicatory improvement period in October of 2017. In April of 2018, the circuit court heard evidence that petitioner was not complying with the terms of her post-adjudicatory improvement period, tested positive for cocaine, and had not visited with the children. The circuit court terminated petitioner's post-adjudicatory improvement period.

The circuit court held the final dispositional hearing in July of 2018 and heard testimony from petitioner, the children's father, a DHHR worker, and a Court Appointed Special Advocate. Petitioner testified that she did not believe she had a drug addiction because she used controlled substances only when she was with the father. The circuit court found that petitioner tested positive for cocaine in April of 2018 and July of 2018 and failed to consistently submit to screening throughout the case. The circuit court also found that petitioner was not compliant with any part of her case plan. Ultimately, the circuit court found that there was no reasonable likelihood that the conditions of neglect or abuse could be substantially corrected due to petitioner's refusal to cooperate with the DHHR. Further, the circuit court found that termination of petitioner's parental rights was necessary for the welfare of the children. Accordingly, the circuit court terminated petitioner's parental rights by its November 14, 2018, order. Petitioner now appeals that order.[2]

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record

---

[2]The father's parental rights were also terminated. According to the parties, the permanency plan for the children is adoption in their current foster placement.

viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Upon our review, this Court finds no error in the proceedings below.

On appeal, petitioner argues that the circuit court erred in terminating her parental rights despite her substantial compliance with services during her improvement period. Petitioner contends that the circuit court should have extended her improvement period rather than terminate her parental rights. We disagree. West Virginia Code § 49-4-610(6) provides that a circuit court may extend an improvement period for a period not to exceed three months when the circuit court finds that the parent "has substantially complied with the terms of the improvement period," among other factors. Here, the circuit court found that petitioner was not compliant with any aspect of her case plan and tested positive multiple times for controlled substances. These findings are supported by the record. Although petitioner asserts that she substantially complied with services, she failed to provide citations to the record that support this contention. Accordingly, the circuit court's findings are not clearly erroneous and it did not err in declining to extend petitioner's improvement period.

Further, the above mentioned findings also support termination of petitioner's parental rights. West Virginia Code § 49-4-604(b)(6) provides that circuit courts are to terminate parental rights upon findings that there is "no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination is necessary for the children's welfare. West Virginia Code § 49-4-604(c)(3) provides that a situation in which there is no reasonable likelihood the conditions of abuse and neglect can be substantially corrected includes one in which the abusing parent has "not responded to or followed through with a reasonable family case plan or other rehabilitative efforts." Petitioner was granted an improvement period, and the DHHR offered her services. However, the circuit court found petitioner did not participate in or follow through with these services, and failed to acknowledge that she was addicted to controlled substances. This Court has held

> [i]n order to remedy the abuse and/or neglect problem, the problem must first be acknowledged. Failure to acknowledge the existence of the problem, i.e., the truth of the basic allegation pertaining to the alleged abuse and neglect or the perpetrator of said abuse and neglect, results in making the problem untreatable.

*In re Timber M.*, 231 W. Va. 44, 55, 743 S.E.2d 352, 363 (2013) (quoting *In re: Charity H.*, 215 W. Va. 208, 217, 599 S.E.2d 631, 640 (2004)). Petitioner's failure to acknowledge her substance abuse further supports the circuit court's findings that there was no reasonable likelihood that the conditions of neglect or abuse could be substantially corrected. Similarly, termination of petitioner's parental rights was necessary because the children would be at risk of further neglect as a result of petitioner's substance abuse. We have also held:

> "Termination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, [West Virginia Code § 49-4-604] may be employed without the use of intervening less restrictive

alternatives when it is found that there is no reasonable likelihood under [West Virginia Code § 49-4-604(c)] that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011). The record supports the requisite findings for the circuit court to terminate petitioner's parental rights. Accordingly, we find no error in the circuit court's ruling below.

For the foregoing reasons, we find no error in the decision of the circuit court, and its November 14, 2018, order is hereby affirmed.

Affirmed.

**ISSUED**:  May 24, 2019


**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison